

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-30-2002

# Solomon v. Society Auto Eng

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3083

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Solomon v. Society Auto Eng" (2002). *2002 Decisions.* Paper 467.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/467

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-3083
_____


DAVID SOLOMON

Appellant,

v.

SOCIETY OF AUTOMOTIVE ENGINEERS

_____


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

(D.C. Civil No. 00-cv-02144)
District Judge:  The Honorable Donetta W. Ambrose
_____


Submitted Under Third Circuit LAR 34.1(a)
July 23, 2002

BEFORE: SLOVITER, NYGAARD, and BARRY, Circuit Judges.

(Filed July 30, 2002)


_____

OPINION OF THE COURT
_____


NYGAARD, Circuit Judge.
        Appellant, David Solomon, sued the Society of Automotive Engineers, his
former employer, alleging reverse gender discrimination in violation of Title VII of the
Civil Rights Act of 1964, 42 U.S.C.   2000(e), et seq., and the Pennsylvania Human
Relations Act, 43 P.S.   951.  The District Court concluded that Solomon failed to
establish a prima facie case of discrimination and granted summary judgment in favor of
SAE.  Solomon appeals, raising the issues listed below, which have been taken verbatim
from his brief.  We find no merit in any of these arguments and will affirm.
                        I.   Issues
        1.        Whether the District Court erred in analyzing this case as reverse
        discrimination Applying unequal standards Male Plaintiffs held to greater
        burden than female Plaintiffs.
        2.        Whether Appellant's evidence was sufficient to meet prima facie burden of
        gender discrimination
        3.        Whether Appellant's evidence was sufficient to meet pretext burden in
        gender discrimination cases.
                        II.  Discussion
        The history of this case is well known to the parties, counsel and the Court.
Inasmuch as we are writing a non-precedential opinion and only for the parties herein,

we need not set forth a detailed recitation of the background for this appeal and will limit our discussion to the resolution of the issues presented.

Solomon first contends that the District Court applied the wrong standard in analyzing his case. Reverse discrimination cases in this Circuit are governed by Iadimarco v. Runyon, 190 F.3d 151 (3d Cir. 1999). In Iadimarco, we developed a modified burden shifting analysis in which a plaintiff must first establish a prima facie case of reverse discrimination, after which the defendant then must articulate a legitimate, nondiscriminatory reason for the rejection/termination. Once a nondiscriminatory reason is articulated, the plaintiff has the opportunity to prove by a preponderance of the evidence that this reason is merely pretextual and that the true reason for the termination was discrimination. Id. at 166. In Iadimarco we wrote, "all that should be required to establish a prima facie case in the context of 'reverse discrimination' is for the plaintiff to present sufficient evidence to allow a fact finder to conclude that the employer is treating some people less favorably than others based upon a trait that is protected under Title VII." Id. at 161. This is precisely the standard appli by the District Court, thus, we reject Solomon's first argument.

Solomon next contends that he presented enough evidence to establish his prima facie case of discrimination. He did not. Solomon proffered numerous alleged instances of discrimination before the District Court. He alleged that his female supervisor met with female coworkers to provide guidance to them, but never met with him; that he was given a computer that did not work correctly while the females' computers did work correctly; that his duties were stripped from him and assigned to female coworkers, and; that his supervisor was hostile toward men in general. The District Court correctly rejected all of these allegations, stating that the only evidence in support of these claims was Solomon's own testimony. Because a plaintiff cannot rely on unsupported assertions, speculation, or conclusory allegations to avoid a motion for summary judgment, see Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986), we also reject Solomon's second argument.

Finally, Solomon argues that he presented enough evidence to meet his pretext burden; again, we disagree. It must first be noted that the District Court did not reach the issue of pretext because it determined, and we agree, that Solomon failed to even establish a prima facie case of discrimination, thus there was no need to engage in the burden shifting analysis set forth by the Supreme Court. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993). Nonetheless, even were we to engage in this analysis, the record is clear that Solomon completely failed to rebut SAE's claim that he was terminated for poor job performance. Thus, this argument fails as well.

As the District Court noted, none of Solomon's theories support even an inference of gender discrimination. Solomon alleges that his supervisor discriminated against him, yet she hired him knowing that he was a male. Additionally, this supervisor did not fire him he was fired by another male. Finally, after Solomon was fired, his duties were taken over by a man. Considering all of this, the District Court was correct in concluding that Solomon failed to establish a prima facie case of discrimination. We will affirm.

### III. CONCLUSION

In sum and for the foregoing reasons, we will affirm the judgment of the District Court entered on July 6, 2001.

_____

\s\ Richard L.Nygaard _____
Circuit Judge